IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00015-SBP

BRANDON WALTON,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
ALEXANDER JAMSA, and
CASEY MEYER,

Defendants.

## PLAINTIFF'S MOTION TO EXTEND DEADLINE TO RESPOND TO MTD AND TO EFFECTUATE SERVICE

Plaintiff, Brandon Walton, by and through his attorneys of the Civil Rights Litigation Group, hereby move to extend the deadline to respond to Defendant's Motin to Dismiss (Doc. 15) 30 days, and the deadline for service of process under Rule 4(m) 90 days. In support Plaintiff states as follows:

### CERTIFICATE OF CONFERRAL

Plaintiff's counsel conferred with counsel for Defendants via email. Defendants do not oppose the request for a 30-day extension of the MTD deadline, but do object to extension of the service deadline.

1. Before filing the Complaint in this case, Plaintiff exercised due diligence, by, *inter alia*, submitting a CCJRA request to Denver for all records pertaining to the incident described in the Complaint, which included appropriate requests for BWC, incident reports, use of force reports, watch logs, etc. In response, Denver reported that there were **<u>no records</u>** except for a transport/activity log identifying the above captioned Defendant deputies during the pertinent timeframes.

2. Based on the limited information received, Plaintiff filed the above-captioned Complaint on January 2, 2025. Doc. 1.

3. The individual Deputy Defendants Answered on March 31, 2025. Doc. 14.

4. Conspicuously, the Answer seems to deny that the named deputies have any personal knowledge about the incident or Mr. Walton. *See* Doc. 14. Upon conferral with defense counsel, the Defendants appear to deny being present for or having any knowledge of the incident. Although this may simply raise a credibility dispute, it also raises the specter that there may have been other deputies involved and/or that there has been a mistake in identification/naming of the parties.

5. Furthermore, Defendant Denver moved to dismiss, asserting insufficient complaint allegations on March 31, 2025. Doc. 15.

6. Plaintiff has shared with Defendants medical records identifying third party descriptions of the incident *involving sheriff's deputies that used force*, and

defense counsel has pledged to work with Plaintiff to exchange information in good faith. However, to date, Denver claims to lack knowledge of any use of force episode and has declined to provide relevant documents, information, or identities of the involved deputies.

7. In an abundance of caution, Plaintiff seeks to ensure that all relevant parties are properly identified and all pertinent complaint allegation are included so that discovery may proceed expeditiously and to avoid unnecessary motions practice.

8. Fed. R. Civ. P. 4(m) requires defendants to be served within 90 days of filing the complaint, unless there is good cause to extend the time for service. The identified Defendants were served on January 28, 2025. *See* Docs. 8, 9, 10.

9. However, if a mistake in naming the parties has been made, it must be corrected within the time prescribed for service under Rule 4(m). *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554-55 (2010).

10. As such, Plaintiff seeks an extension of the Rule 4(m) deadline to address any naming discrepancies that may be revealed during the informal investigation, by initial disclosures, and/or by information sought by Plaintiff through subpoena, so that appropriate corrections/amendments may be made within the Rule 4(m) period.

11. Plaintiff also seeks an additional 30-days to assess whether appropriate amendments may need to made before responding to the motion to dismiss, which may render moot the pending motion.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court GRANT the motion and extend the following deadlines as follows:

The Rule 4(m) deadline to July 1, 2025; and

The deadline to respond to Defendant's Motion to Dismiss to May 21, 2025

Respectfully submitted this 18th day of April, 2025.

*s/ Raymond K. Bryant*
Raymond K. Bryant
Ed Hopkins
Audrey Derose Oliver
Civil Rights Litigation Group
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: 720-515-6165
Fax: 720-465-1975
raymond@rightslitigation.com
ed@rightslitigaiton.com
audrey@rightslitigation.com
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of April, 2025, a true and correct copy of **PLAINTIFF'S MOTION TO EXTEND DEADLINE TO RESPOND TO MTD AND TO EFFECTUATE SERVICE** was electronically sent to the following:

Kevin Sobczyk
Denver Associate Assistant City Attorney
201 West Colfax Ave., Dept. No. 1108
Denver, CO 80202
kevin.Sobczyk@denvergov.org

*Attorney for Defendants*

                                                **s/** *Raymond K. Bryant*