IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00015-DDD-SBP

BRANDON WALTON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
ALEXANDER JAMSA, AND
CASEY MEYER

    Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE TO EFFECTUATE SERVICE**

---

Defendants City and County of Denver ("Denver"), Alexander Jamsa, and Casey Meyer (collectively, "Defendants"), by and through undersigned counsel, respond in opposition to Plaintiff's Motion to Extend Deadline to Effectuate Service [Doc. 17], as follows:

**INTRODUCTION**

On January 2, 2025, Plaintiff filed his Complaint and Jury Demand against specifically named defendants, Denver, Alexander Jamsa, and Casey Meyer. [Doc. 001]. Thereafter, summons for each of the Defendants were issued by the Court. *See* [Docs. 001-2, 001-3, 003]. On March 4, 2025, waivers of service were filed for all Defendants. [Docs. 008, 009, 010]. As such, there are no other named Defendants upon whom service is required. Fed. R. Civ. P. 4(m) addresses situations wherein one or more named defendants have not been served within the originally allotted time, and additional time to effect service upon them is necessary. Because there are no

remaining defendants to serve, Rule 4(m) has no application, and the motion to extend the service deadline should be denied.

## ARGUMENT

Fed. R. Civ. P. 4(m) states, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Rule, by its plain language, only applies to instances where a named defendant has not been served within the prescribed 90-day period following the filing of the complaint.

In the present case, Plaintiff's Complaint only names three defendants: "Defendant Casey Meyer", "Defendant Alexander Jamsa", and "Defendant City and County of Denver ("Denver")". [Doc. 001, at ¶¶ 9-11]. Because each of them has already been served by virtue of signing waivers of service Rule 4(m) has no application. [Docs. 008, 009, 010]. Accordingly, an extension of the service deadline would be improper.

Nor can Plaintiff establish a showing of good cause for a "failure" to serve the named Defendants, as each has already signed waivers of service. While Plaintiff asserts as grounds for the request a potential mistake in naming the correct parties, requesting additional time to serve the named parties is not the proper vehicle to address that concern. Rather, the proper procedure would be to seek leave to amend the pleadings which, if granted, would provide Plaintiff with time to complete service upon the newly named party(s). But asking for more time to name the existing parties is improper.

2

The case cited by Plaintiff in support of extending time for service based on a mistake is not applicable. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554-55 (2010). The mistake in that case was confusion over what similarly named corporation, equally and plausibly associated with the allegations, was the proper defendant. *Krupski*, 560 U.S. at 554-55. Also in that scenario, both similarly named corporate parties would have been aware of their likely involvement in the matter, versus Plaintiff's assertions here that Plaintiff has failed to name entirely different, unnamed and unidentified, individuals and then have them served. *Id. Krupski* does not stand for the proposition that additional service time can or should be extended to a plaintiff to serve unknown, unnamed parties.

Lastly, this request is untimely. Per Rule 4(m), 90 days from the filing of the complaint is the deadline for serving defendants. The 90 days following the filing of the January 2, 2025 Complaint was April 2, 2025. [Doc. 001]. This Motion was not filed until April 18, 2025, more than two weeks after the deadline passed. [Doc. 017]. If there was any apparent issue with service upon the named defendant, the Plaintiff was required to act by April 2nd, which he did not do.

In the absence of a timely request, completed service upon all named parties, and the absence of any identified, named additional parties, there is no basis to extend the service deadline, under Rule 4(m). Ultimately, this rule is not the appropriate vehicle for Plaintiff's arguments. The Court should deny the request.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Extend Deadline to Effectuate Service.

Dated this 2nd day of May, 2025.

Respectfully submitted by,

s/ *Kevin Sobczyk*
Kevin Sobczyk, Esq.
Assistant City Attorney's
Denver City Attorney's Office
Civil Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, Colorado 80202-5332
Telephone: 720-913-3100
Facsimile: 720-913-3155
E-mail: kevin.sobczyk@denvergov.org
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2025, the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DEADLINE TO EFFECTUATE SERVICE** was filed with the Clerk of the Court via the CM/ECF system which will send a notification of such filing to the following:

Raymond K. Bryant, Esq.
CIVIL RIGHTS LITIGATION GROUP
raymond@rightslitigation.com
*Attorney for Plaintiff*

s/ *Courtnee D. Lewis*
Denver City Attorney's Office